OPINION
{¶ 1} Defendant-appellant, Jaclyn N. Smith, appeals from the judgment of the Tiffin Municipal Court finding her guilty on her plea of no contest to one count of Possession of Drugs. Finding none of the arguments advanced on appeal to have merit, we affirm the decision below.
 {¶ 2} The pertinent facts and procedural history are as follows. On February 5, 2001, Officer Brian Kern of the Adult Parole Authority ("APA") received a call about the possible location of an at-large probationer, Fred Stahl, at the address of 209 E. Market Street, Tiffin, Ohio. Officer Kern and Officer Shook proceeded to that address and found Robert and Dennis Hall, two individuals that they were supervising. One of the tenants of the home, Faye Detray, was also present.
 {¶ 3} Robert and Dennis Hall indicated to the APA officers that, although they were not approved to live at this residence, they would like to change their address to 209 E. Market Street in accordance with the standard terms and conditions of probation. Officer Kern then asked Ms. Detray for permission to review and search the premises. Ms. Detray consented to the search and led the officers on a tour of the entire house.
 {¶ 4} Access to the bathroom and kitchen required passage through the appellant's bedroom. Officer Kern noted that other entrances to these areas were blocked by a piece of furniture. There was no door to the appellant's bedroom, and Ms. Detray indicated that access to the bathroom and kitchen were routinely made through the appellant's bedroom. The appellant claims that there were curtains hung in the doorway to the appellant's bedroom; however, an affidavit submitted by Detective Lieutenant Michelle Craig states that she personally observed the residence and noted that the hallway adjacent to the living room was blocked by furniture and curtains, but passage into the appellant's bedroom was through an unobstructed doorway. There exists no copy of the transcript, and the court reporter has certified that the audiotapes were unintelligible.
 {¶ 5} Officer Kern testified that from his vantage point in the living room, he could see a "dug out" sitting near the bed in the appellant's bedroom. When questioned about the presence of drugs or drug paraphernalia in the residence, Ms. Detray indicated the existence of some in the appellant's bedroom. With this information, a search warrant was obtained by Det. Lt. Craig. A subsequent search of the house revealed nine halves of Alprazolam tablets, generic for Xanax, a Schedule IV controlled substance, that were found within the appellant's jewelry box. The appellant did not have a prescription for the medication. The fruitful search also turned up the at-large probationer, Mr. Fred Stahl, who was hiding in the residence.
 {¶ 6} The appellant was charged with Possession of Drugs, under R.C. 2925.11(C)(2)(a), a misdemeanor of the third degree, and entered a plea of not guilty to the complaint. On January 2, 2002, the appellant moved to suppress the evidence obtained through the warrantless search. The motion came on for hearing followed by the court's ruling denying the motion on January 15, 2002. The appellant then entered a plea of no contest and was found guilty on January 22, 2002. The appellant now appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 7} "In a violation of the fundamental Fourth Amendment guarantee to be secure from unreasonable warrantless searches and seizures, the trial court reversibly erred by denying the defendant-appellant's motion to suppress the fruits of a warrantless search and seizure, as the defendant-appellant had a reasonable expectation of privacy to her bedroom and the items found therein."
 {¶ 8} The appellant asserts that the trial court erred by overruling her motion to suppress evidence. In support, the appellant argues that she did not give the APA officers permission to enter her bedroom at any time. The appellant also states that Officer Kern would have already walked through her bedroom before he later observed the marijuana "dug out" from his vantage point in the living room. CitingState v. Williams[1] and Mapp v. Ohio,[2] the appellant argues that she had a reasonable expectation of privacy from State-sponsored warrantless forays into her bedroom by APA officers searching for an at-large probationer who did not reside at her address.
 {¶ 9} The State maintains that the appellant did not have a subjective expectation of privacy in her room. Further, the State contends that a person loses an expectation of privacy in those things she voluntarily exposes to the public, even when those things are in her own home.[3]
 {¶ 10} Initially, we note that in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.[4] Accordingly, a reviewing court must defer to the trial court's findings of fact if supported by competent credible evidence.[5] The reviewing court must then independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case.[6]
 {¶ 11} The Fourth Amendment to the United States Constitution protects individuals against unreasonable governmental searches and seizures. In Katz v. United States, the Supreme Court held that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under theFourth Amendment — subject only to a few specifically established and well-delineated exceptions."[7] An exception to the warrant requirement exists when "`special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable.'"[8]
 {¶ 12} In determining whether the warrant and probable-cause requirement are impracticable in a given set of circumstances, courts must "balance the governmental and privacy interests to assess the practicality of the warrant and probable-cause requirements in the particular context."[9] In Griffin, the United States Supreme Court recognized that a state's operation of a probation system, "presents `special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements."[10]
 {¶ 13} R.C. 2967.131(B) authorizes a parole or probation officer to conduct a search, with or without a warrant, of a place of residence of a parolee that the individual has the express or implied permission to occupy if the officer possess "reasonable grounds to believe that the [parolee] is not abiding by the law or otherwise is not complying with the terms and conditions of probation." Thus, pursuant to Griffin and Ohio's regulatory scheme, a warrantless search of a home occupied by a probationer does not violate the Fourth Amendment, provided the searching officer possesses reasonable grounds to believe that the probationer is not complying with the terms and conditions of probation.
 {¶ 14} The "reasonable ground" standard does not require that the officer possess the level of certainty required for "probable cause."[11]
The Fourth Amendment's reasonableness requirement for warrantless searches is satisfied if the searching officer indicates the likelihood of facts justifying the search.[12]
 {¶ 15} In the present case, probationers Robert and Dennis Hall expressed to Officers Kern and Shook that they would like to change their address to 209 E. Market Street, as their approved residence in accordance with the terms of probation. Officer Kern testified that it was routine for APA officers to inspect any proposed addresses for suitability. The officer then asked Faye Detray, a resident of the house, for permission to review and search the premises. Permission was given, and Ms. Detray led the officers on a tour of the home.
 {¶ 16} According to the briefs submitted by the appellant and appellee and the trial court's ruling on the motion to suppress, the tour included a walk through the appellant's bedroom in order to reach the kitchen and bathroom. The appellant stated that there were other ways to enter these rooms, other than through her bedroom; however, the alternate passage was blocked by furniture. The appellant also testified that, although other individuals in the residence were not welcomed in her room, they did pass through it with her permission. Furthermore, she attested that she did not keep valuables in her bedroom because she could not secure any items in her room.
 {¶ 17} Based on the record, we conclude that a warrantless search performed pursuant to a condition of parole requiring a parolee to submit to random searches of his place of residence by a parole officer at any time is constitutional.[13] Additionally, Ms. Detray, who was present at the time of the search, consented to it and possessed apparent authority to allow the parole officers to conduct the search through the appellant's bedroom in light of the fact that it was the common means of access to the kitchen and bathroom.
 {¶ 18} The United States Supreme Court in Matlock determined that "* * * when the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected."[14] A roommate, such as Ms. Detray, possesses common authority over an area to be searched when she can demonstrate joint access or control over the area.[15] The Sixth Circuit in UnitedStates v. Reeves permitted a search of a defendant's bedroom based upon the consent of a roommate even where the roommate did not share the defendant's bedroom.[16] In Reeves, as in the present case, the consent to search was by an occupant having joint control to the area being searched and the doorway to the bedroom was unobstructed.[17]
The incriminating evidence in Reeves, also bearing a similarity to the present case, was in plain view.[18]
 {¶ 19} Based on the foregoing, the appellant's assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and WALTERS, J., concur.
[1] (1995), 101 Ohio App.3d 340.
[2] (1961), 367 U.S. 643.
[3] State v. Israel (Sept. 26, 1997), Hamilton App. No. C-9610006.
[4] State v. Dunlap (1995), 73 Ohio St.3d 308, 314.
[5] Id.
[6] State v. Curry (1994), 95 Ohio App.3d 93, 96.
[7] (1967), 389 U.S. 347, 357. See, also, State v. Sneed (1992),63 Ohio St.3d 3, 6-7; State v. Braxton (1995), 102 Ohio App.3d 28,36.
[8] Griffin v. Wisconsin (1987), 483 U.S. 868, 873, quoting New Jerseyv. T.L.O. (1985), 469 U.S. 325, 351 (Blackmun, J., concurring.).
[9] Skinner v. Railway Labor Executives' Assn. (1989), 489 U.S. 602,619.
[10] 483 U.S. at 873-874.
[11] Id. at 877-78.
[12] Id. at 880. See, also, State v. Benton (1998),82 Ohio St.3d 316.
[13] Benton, 82 Ohio St.3d at syllabus.
[14] 415 U.S. at 170.
[15] Id. at footnote seven.
[16] (1979), 594 F.2d 536.
[17] Id.
[18] Id.